917 So.2d 252 (2005)
Jose ORTOLA, Appellant,
v.
Mirtha ALFONSO, Appellee.
No. 3D04-1895.
District Court of Appeal of Florida, Third District.
December 14, 2005.
Markowitz, Davis, Ringel & Trusty, Miami, and Michaelle Paulson, for appellant.
Mirtha Alfonso, in proper person.
Before LEVY, C.J., and GERSTEN and FLETCHER, JJ.
PER CURIAM.
In the instant case, a repeat violence injunction was placed against Jose Ortola ("Ortola") after allegations from his neighbor that he fondled and groped her. The question confronting the Court concerns whether the groping (sexual assault), plus an incident of stalking (where Ortola returned to the victim's home after being told not to return, and remained after being asked to leave), satisfied section 784.046(1)(b), Florida Statutes. We find that the Record supports the trial court's finding that two incidents of violence occurred. Biggs v. Elliot, 707 So.2d 1202 (Fla. 4th DCA 1998)("Whether the conduct meets the statutory requirement is a question of fact for the trier of fact.").
Florida Statutes, Section 784.046(1)(b) provides: "`Repeat violence' means two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner's immediate family member." § 784.046(1)(b), Fla. Stat. (2004). Moreover, "violence" is defined in section 784.046(1)(a) as "assault, aggravated *253 assault, battery, ... sexual assault, ... stalking, ... or any criminal offense resulting in physical injury or death, by a person against any other person." § 784.046(1)(a), Fla. Stat. (2004) (emphasis added).
In the instant case, the Record is clear that a battery, or a "sexual assault," as termed by the trial court, occurred, constituting the first "violent" incident. In light of the facts before the Court, the second "violent" incident must be a stalking.
Pursuant to section 784.048(2), "[a]ny person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking...." § 784.048(2), Fla. Stat. (2004). "Harass" is defined as: "engag[ing] in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat. (2004). Moreover, "`Course of conduct' means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose." § 784.048(1)(b), Fla. Stat. (2004) (emphasis added).
The Record supports the trial court's finding that a stalking occurred in the instant case. The Record reflects that on the day of the sexual assault Ortola grabbed his crotch and told the victim that she would like it, and that he would be back the next day. Ortola's harassment, or "course of conduct," continued to the following day when Ortola returned to the victim's home after being told not to, refused to leave after being asked to leave by the victim's mother, and was physically removed by the police. Under the stalking statute, Ortola's course of conduct, however short, is evidence of a continuity of purpose. Moreover, the trial court also took into account the fact that, even though the parties had a friendly/neighborly relationship, Ortola had a habit of showing up to the victim's home, and coming into the backyard, oftentimes startling the victim. After reviewing the Record, including the victim's testimony, there is ample evidence to support the trial court's finding that a stalking did in fact occur.
Accordingly, in light of the foregoing, we affirm the repeat violence injunction entered against Ortola.
Affirmed.